UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE, <br><br> Plaintiff, <br><br> v. <br><br> HOODENPYLE, et al., <br><br> Defendants. | Case No.: 19-cv-00035-WQH (JLB) <br><br> **REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> **[ECF No. 5, 15]** |

Plaintiff Keith Wayne Sekerke ("Plaintiff"), a prisoner formerly incarcerated at the Vista Detention Facility and currently incarcerated at the San Diego Central Jail, is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 3.) Plaintiff commenced this action against several San Diego Sheriff Deputies on January 7, 2019. (ECF No. 1.) Defendants Pablo Reyes ("Reyes"), Jeffrey Burns ("Burns"), Joshua Hoodenpyle ("Hoodenpyle"), Jianna D'Agostino ("D'Agostino"), Miguel Angulo ("Angulo"), and Brittany Stubbs ("Stubbs") (collectively, "Defendants") have now moved to dismiss Plaintiff's Complaint pursuant to

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 5, 15.) Plaintiff opposes. (ECF Nos. 16, 19.)[1]

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California. After a thorough review of Plaintiff's Complaint and the parties' filings,[2] and for the reasons discussed below, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's Complaint be **GRANTED** with leave to amend.

## I.    BACKGROUND[3]

On September 7, 2015, Plaintiff was housed in administrative segregation at the Vista Detention Facility in Vista, California. (ECF No. 1 at 1, 4.) He was in pretrial detention awaiting sentencing on his plea of guilty. (ECF No. 16 at 2.) At "approximately 2:00 p.m.," while Plaintiff was sitting at his desk and writing, six San Diego Sheriff Deputies unlocked his cell door and entered. (ECF No. 1 at 4.) The deputies included all Defendants except Stubbs. (*Id.*) The deputies ordered Plaintiff to "immediately get up and move to another cell" without providing an explanation. (*Id.*) The deputies informed Plaintiff that they would gather his property for him. (*Id.*) Plaintiff then requested permission to pack his own property. (*Id.*) An unspecified deputy responded, "Alright." (*Id.*)

---

[1]    In addition to the Defendants listed above, Plaintiff's Complaint names Deputy Morgan ("Morgan") as a Defendant. (ECF No. 1 at 2.) To date, Deputy Morgan has not been served. (*See* ECF Nos. 8; 16 at 1.) Plaintiff also erroneously sued Defendant D'Agostino as "D'Agustino" and Defendant Angulo as "Anguilo." (ECF Nos. 1 at 1; 15.) The Court will address these Defendants herein by their correctly spelled names.

[2]    On July 1, 2019, Plaintiff filed an unauthorized sur-reply, which the Court accepted for filing and has considered. (ECF No. 19.)

[3]    The following facts are taken from Plaintiff's Complaint. (ECF No. 1.)

When Plaintiff began to gather his property, Defendants Morgan, Burns, Angulo, and Hoodenpyle "rushed" Plaintiff and beat him. (*Id.*) Hoodenpyle was in the lead and initiated the beating of Plaintiff. (*Id.*) Defendants Morgan, Burns, Angulo, and Hoodenpyle beat Plaintiff in the head and body and punched him 25 to 30 times. (*Id.*) Of the four deputies involved, "Defendant Hoodenpyle was the most aggressive with punches and he pounded [Plaintiff's] head into the back of the cell." (*Id.*) While the beating was in progress, Defendants Reyes and D'Agostino "stood by and watched" and failed to intervene. (*Id.*) At some point, Plaintiff heard Defendant D'Agostino tell the other deputies, "O.k. he's had enough. Stop." (*Id.*) After the beating ended, Plaintiff was moved "to a cell that was covered in feces and urine." (*Id.*)

That same day, after he was "attacked and beaten," Plaintiff requested medical attention from Defendant Stubbs, but Stubbs refused. (*Id.* at 5.) After a shift change at about 7:00 p.m., the new staff saw Plaintiff's injuries and took Plaintiff to see prison medical staff. (*Id.*) Eventually, "911 was called and [P]laintiff was taken to Tri-City Medical Center for head trauma." (*Id.*)

Following the beating, Plaintiff "pursued a jail grievance and also filed a complaint with internal affairs as well as [a] county claim."[4] (*Id.* at 6.) Plaintiff was threatened by Defendant Hoodenpyle, who scared Plaintiff from further pursuing a court claim. (*Id.*)

In his Complaint, Plaintiff alleges that all Defendants except Stubbs violated his constitutional right to be free from cruel and unusual punishment. (*Id.* at 4.) Plaintiff further alleges that Defendant Stubbs violated his constitutional right to medical care. (*Id.* at 5.) Lastly, Plaintiff alleges that Defendant Hoodenpyle violated his constitutional right

---

[4] Plaintiff attaches an exhibit ("Exhibit A") to his Complaint that includes a copy of his "Claim Against the County of San Diego," dated November 30, 2015, a copy of his Internal Affairs complaint with the San Diego County Sheriff's Department, dated on or about September 9, 2015, and a copy of the Sheriff's Department's acknowledgement of receipt of the Internal Affairs complaint, dated September 18, 2015. (*See* ECF No. 1 at 10-16.)

to access the courts and to due process. (*Id.* at 6.) Plaintiff alleges that each of these constitutional violations occurred on September 7, 2015. (*Id.* at 1.)

On May 9, 2019, Defendants Reyes and Burns filed a Motion to Dismiss Plaintiff's Complaint pursuant Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint is barred by the applicable statute of limitations or, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted. (*See* ECF No. 5.) On May 16, 2019, Defendants Hoodenpyle, D'Agostino, Angulo, and Stubbs filed a Notice of Joinder to the previously filed Motion to Dismiss. (ECF No. 15.) Specifically, Defendants Hoodenpyle, D'Agostino, Angulo, and Stubbs join in the argument that Plaintiff's suit is barred by the statute of limitations. (*Id.* at 1.) In addition, Defendants D'Agostino, Angulo, and Stubbs join in the argument that Plaintiff has not alleged sufficient facts against them. (*Id.* at 1-2.)

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure require that a plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard that Rule 8 announces does not require detailed factual allegations, and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the claims in the complaint. *See Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

4

570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In ruling on a Rule 12(b)(6) motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (quoting *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991)).

### B.     Standards Applicable to *Pro Se* Litigants

With respect to an inmate who proceeds *pro se*, his factual allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming that this standard applies to *pro se* pleadings post-*Twombly*). Thus, where a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must allege with at least some degree of particularity overt

acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation omitted).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624-25 (9th Cir.1988). Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.*; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on the basis that each of his claims is barred by the applicable statute of limitations. (ECF Nos. 5-1 at 2, 4-6; 15.) Defendants contend that Plaintiff filed suit "one year and four months after the expiration of the statute of limitations." (ECF No. 5-1 at 4.) In the alternative, all Defendants, except Hoodenpyle, move to dismiss Plaintiff's Complaint on the basis that it fails to allege sufficient factual allegations against them. (ECF Nos. 5-1 at 2, 6-7; 15.)

### A. Statute of Limitations

#### 1. Legal Standard

"Section 1983 does not contain its own statute of limitations." *TwoRivers*, 174 F.3d at 991. Without a federal limitations period, federal courts apply to Section 1983 cases the statute of limitations for personal injury claims in the forum state. *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("Section 1983 claims are characterized as personal injury suits for statute of limitations purposes."). However, in borrowing a state statute of limitations for a federal cause of action, the federal courts "borrow no more than necessary." *TwoRivers*, 174 F.3d at 991 (quoting *West v. Conrail*, 481 U.S. 35, 39-40 (1987)). Therefore, "federal, not state, law determines when a civil rights claim accrues." *Id.* (citing *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994)). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at

6

19-cv-00035-WQH (JLB)

991-92 (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)).

    2.    <u>Analysis</u>

In this case, the forum state is California. (ECF No. 1.) The governing statute of limitations is therefore California Civil Procedure Code Section 335.1. *See* Cal. Civ. Proc. § 335.1; *see also Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014). Section 335.1 provides for a two-year statute of limitations for personal injury suits. *See id.*; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("Effective January 1, 2003, the new California statute of limitations for assault, battery, and other personal injury claims is two years . . . ."). Based on the allegations in Plaintiff's Complaint, Plaintiff knew or had reason to know of the injuries which are the basis of this action on September 7, 2015. (*See* ECF No. 1.) This is the date on which Plaintiff alleges he was beaten, denied medical care, and threatened against filing suit. (*See id.* at 1, 4-6.) Plaintiff did not file his Complaint until January 7, 2019. (*Id.*) As the statute of limitations ran on September 7, 2017, Plaintiff's Complaint is untimely, unless he is entitled to tolling.

    a.    *Statutory Tolling*

Federal courts apply the forum state's law regarding tolling. *See Jones*, 393 F.3d at 927; *see also Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999) ("Federal courts . . . apply a forum state's law regarding tolling, including equitable tolling[,] when not inconsistent with federal law."). In his response to Defendants' motion to dismiss, Plaintiff contends that his claims should be tolled in accordance with California Civil Procedure Code Section 352.1. (ECF No. 16 at 3.) Section 352.1 provides, in relevant part:

> (a) If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
>
> . . .
>
> (c) This section does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages,

7

>relating to the conditions of confinement, including an action brought by that person pursuant to Section 1983 of Title 42 of the United States Code.

Cal. Civ. Proc. Code § 352.1(a), (c). Therefore, pursuant to Section 352.1, the limitations period for the portion of Plaintiff's action that is for the recovery of damages[5] can be tolled for up to two years if the cause of action accrues while the plaintiff is "imprisoned on a criminal charge," or "in execution under the sentence of a criminal court for a term less than for life." *See Ellis v. City of San Diego*, 176 F.3d 1183, 1188-1190 (9th Cir. 1999); *Beaudoin v. Schlachter*, 672 F. App'x 706, 706 (9th Cir. 2016).

In *Elliott*, the Ninth Circuit analyzed California Civil Procedure Code Section 352(a)(3), the predecessor to Section 352.1(a). 25 F.3d at 802. In that case, the plaintiff brought a Section 1983 claim for excessive force during arrest. *Id.* at 801. After his arrest, the plaintiff remained in continuous police custody until his conviction for two felony counts of battery, upon which he was sent to state prison. *Id.* The question before the Ninth Circuit was "whether being continuously incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge' within the meaning of the California disability statute." *Id.* at 802. As part of its analysis, the Ninth Circuit stated that "neither this court nor the California courts have considered" whether being "incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge.'" *Id.* The Ninth Circuit determined that "[i]n the absence of controlling state precedent, we must decide this question as the California Supreme Court would decide it." *Id.* at 802, n.3 (citations omitted). The Ninth Circuit then looked to a similar Washington statute and determined that "tolling was triggered by the individual's arrest and incarceration." *Id.* at 802. The Ninth Circuit noted that "the purpose of disability statutes would be ill-served by creating

---

[5] Plaintiff is seeking both injunctive relief and damages. (ECF No. 1 at 8.) By its plain language, the tolling provision of Section 352.1 only applies to claims for damages, not claims for injunctive relief. Therefore, Plaintiff is not entitled to tolling under Section 352.1 with respect to the portion of his action that is for injunctive relief.

8

an arbitrary distinction between pre- and post-arraignment incarceration." *Id.* at 802-03. The Ninth Circuit concluded that "continuous custody is the relevant disability," and therefore, the statute of limitations applicable to the plaintiff's Section 1983 action "was tolled commencing at the time of his arrest and continuing through his custody." *Id.* at 803.

However, the California Court of Appeal subsequently addressed this question as it pertains to Section 352.1 in *Austin v. Medicis*, 21 Cal. App. 5th 577 (2018), *reh'g denied*, Apr. 11, 2018, *review denied*, June 13, 2018. The *Austin* court conducted a thorough examination of Section 352.1's legislative history as well as relevant preceding statutes and concluded that:

> In short, the Legislature was plainly focused on limiting the indefinite statutory tolling formerly granted to civilly dead state prison inmates. There is no indication the legislature, in so doing, intended to *expand* tolling to local inmates in pretrial custody. We hold, therefore, that **a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison**.

*Id.* at 597 (italics in original) (bold added).

The *Austin* court then proceeded to find that since the plaintiff had alleged he was in pretrial custody in Los Angeles County Jail during the period his causes of action accrued, he was not "imprisoned on a criminal charge" when his causes of action accrued, and therefore Section 352.1 did not apply. *Id.*; *see also* Cal. Civ. Proc. Code § 357 ("No person can avail himself of a disability, unless it existed when his right of action accrued."). In reaching this conclusion, the *Austin* court acknowledged the Ninth Circuit's decision in *Elliott*, but found it unpersuasive, "[b]ecause that decision predated the enactment of section 352.1," and "the *Elliott* court did not have the benefit of the legislative findings on this subject." *Id.* at 590 n.4.

Since the decision in *Austin*, several district courts within the Ninth Circuit have found *Austin* persuasive state precedent. *See, e.g.*, *Garcia v. Corral*, No. 18-cv-04730-PJH, 2019 WL 931754, at *3 (N.D. Cal. Feb. 26, 2019); *Shaw v. Sacramento Cnty. Sheriff's*

*Dep't*, 343 F. Supp. 3d 919, 924 (E.D. Cal. 2018), *appeal docketed*, No. 18-17184 (9th Cir. Nov. 13, 2018); *Whitaker v. LaRoche*, No.: 18-cv-171-CAB-BGS, 2018 WL 6601850, at *5 (S.D. Cal. Dec. 17, 2018), *appeal docketed*, No. 19-55331, (9th Cir. Mar. 22, 2019); *Lockett v. County of Los Angeles*, No. CV-18-5838-PJW, 2018 WL 6842539, at *2 (C.D. Cal. Oct. 25, 2018). This Court also finds *Austin* to be persuasive authority and will apply it in this case.[6]

Here, Plaintiff alleges in his Complaint that he was incarcerated at the Vista Detention Facility when his claims accrued, and he was later "released from custody of [the] Sheriff and sent to prison Dec[ember] 15, 2015 through Sept[ember] 2017." (ECF No. 1 at 1, 7.)[7] He expands on that in his opposition, clarifying that, at the time of the alleged beating, he had pled guilty and was awaiting sentencing. (ECF No. 16 at 2.) Based on these allegations, Plaintiff was not serving "a term of imprisonment in the state prison" within the meaning of Section 352.1 at the time his claims accrued. Therefore, he is not

---

[6] "In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." *Briceno v. Scribner*, 555 F.3d 1069, 1080 (9th Cir. 2009) (quoting *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) (internal quotation marks omitted)). Here, the California Supreme Court had an opportunity to review the decision in *Austin* and denied review. Accordingly, the Court cannot say that there is convincing evidence that the California Supreme Court would decide differently.

[7] The Court takes judicial notice of Plaintiff's filings in other cases he has commenced in the Southern District of California. *See United States v. Author Servs., Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986), *amended*, 811 F.2d 1264 (9th Cir. 1987), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997) ("It is well established that a court may take judicial notice of its own records."). On April 17, 2015, Plaintiff filed a Notice of Change of Address, notifying the Court that his new address was the Vista Detention Facility. *Sekerke v. Gonzales*, No. 15-cv-00573-JLS (WVG) (S.D. Cal.), at ECF No. 3. On December 9, 2015, Plaintiff filed another Notice of Change of Address, notifying the Court that his new address was the California Institute for Men located in Chino, CA. *Id.* at ECF No. 18.

10

entitled to its two-year tolling period.

### b. *Equitable Tolling*

Even if Plaintiff is not entitled to statutory tolling, he may be entitled to equitable tolling. As noted above, federal courts apply a forum state's law regarding equitable tolling to the extent not inconsistent with federal law. *See Fink*, 192 F.3d at 914. In California, the "equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine" that is "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008) (citations omitted). The California Supreme Court explained:

> Broadly speaking, the doctrine applies "'[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.'" (*Elkins v. Derby*, [12 Cal. 3d 410, 414 (1974)], quoting *Myers v. County of Orange* (1970) 6 Cal. App. 3d 626[].) Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason. (*See Collier v. City of Pasadena* (1983) 142 Cal. App. 3d 917, 923[].)

*Id.* at 100.

As recognized by the Ninth Circuit, California courts have developed a "definitive three-pronged test for invocation of the doctrine" of equitable tolling. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Loehr v. Ventura Cnty. Cmty. College Dist.*, 147 Cal. App. 3d 1071, 1085 (1983)). Pursuant to this test:

> A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim.

*Id.* (citing *Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir. 1987); *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)).

11

The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff. *Williams v. Aparicio*, No. CV 14-8640-PA KK, 2015 WL 501951, at *3 (C.D. Cal. Feb. 5, 2015), *aff'd*, 669 F. App'x 385 (9th Cir. 2016) (citing *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)); *Kleinhammer v. City of Paso Robles*, 385 F. App'x 642, 643 (9th Cir. 2010)). "[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *Id.* (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003) (emphasis in original)). Thus, "the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred." *Lantzy*, 31 Cal. 4th at 370-71.

Here, Plaintiff attaches to his Complaint a claim filed against the County of San Diego, dated November 30, 2015, concerning the same beating alleged in this case. (ECF No. 1 at 11-12.) Plaintiff also attaches a complaint form submitted to the San Diego Sheriff's Department, dated on or about September 9, 2015, regarding the same incident. (*Id.* at 14-16.) In his Complaint, Plaintiff responded "Yes" in response to the following question: "Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding acts alleged [herein]? [E.g., CDCR Inmate/ Parolee Appeal Form 602, etc.]." (*Id.* at 7.) Plaintiff then alleges that he exhausted his grievance procedures in 2015. (*Id.*) He further alleges that any exhaustion was "moot" as he was released from the custody of the Sheriff on December 15, 2015. (*Id.*) Based on these allegations, Plaintiff was entitled to equitable tolling through the end of 2015 while he pursued and exhausted mandatory grievance procedures. *McDonald*, 45 Cal. 4th at 101 ("Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic[.]").[8] However, even accounting for this period of equitable tolling,

---

[8] Even if Plaintiff were not entitled to equitable tolling on state law grounds, he would be entitled to equitable tolling under federal law for the same period of time. The Ninth Circuit has "adopted a mandatory tolling provision for claims subject to the Prison

12

Plaintiff's Complaint is still untimely by over a year.

The Court next addresses Plaintiff's allegation in his Complaint that he "was threatened by defendant Hoodenpyle" and therefore "scared . . . from further pursuing a court claim." (ECF No. 1 at 6.) Plaintiff relies on this allegation to support his access-to-courts and due process claim. (*Id.*) This allegation can also be construed as an independent basis for an equitable tolling claim. However, the Court finds that this allegation does not support additional tolling. Plaintiff alleges that he left the custody of the Sheriff's Department, where Defendant Hoodenpyle was employed, in December 2015. (*Id.* at 2, 7.) Thereafter, Plaintiff was in state prison through September 2017 and his Complaint does not allege the existence of any ongoing threats at the state prison that would have precluded him from filing his Complaint in a timely manner. *See Sekerke v. Glynn*, No. 11-cv-1914 WQH (BLM), 2013 WL 1190824, at *3 (S.D. Cal. Mar. 20, 2013) (finding Plaintiff's "arguments that he felt threatened by Defendants because they were employed at the institution where he was housed" not supported by the record where the record demonstrates "he was no longer housed with Defendants and yet he still waited an additional two years to file this action"). As the Court has already recognized that Plaintiff's claims were equitably tolled until December 2015, and because Plaintiff's allegations with respect to fearfulness would not extend beyond December 2015, Plaintiff has not established a basis for any additional equitable tolling.

///
///
///

Litigation Reform Act." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (citing *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005)). Thus, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown*, 422 F.3d at 943; *see also Fink*, 192 F.3d at 914. As noted above, Plaintiff alleges that he exhausted his grievance procedures in 2015. (ECF No. 1 at 7.) Therefore, the time period for equitable tolling under federal law would be the same as under state law.

Plaintiff makes no additional allegations or arguments for why he is entitled to additional equitable tolling. Accordingly, the Court recommends that Defendants' motion to dismiss be **GRANTED**.[9]

B. **Leave to Amend**

"Pro se plaintiffs should be given an opportunity to amend their complaints to overcome any deficiencies unless it clearly appears the deficiency cannot be overcome by amendment." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Additionally, the Ninth Circuit has held that "[w]here counsel is able to posit possible amendments that would be consistent with the operative complaint and could also possibly state a claim for relief, the complaint should not be dismissed on its face with prejudice." *Orion Tire Corp. v. Goodyear Tire & Rubber Co. Inc.,* 268 F.3d 1133 (9th Cir. 2001) (citing *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 914 (7th Cir. 1985)).

Defendants argue that Plaintiff's Complaint should be dismissed without leave to amend. (ECF No. 5-1 at 7.) Plaintiff seeks leave to amend. (ECF No. 19 at 2.) In line with the principles established by the Ninth Circuit, *Ashelman*, 793 F.2d at 1078, the Court cannot find at this point that Plaintiff will be unable to allege additional facts sufficient to overcome the deficiencies addressed herein. Accordingly, the Court recommends that Plaintiff be granted leave to file an amended complaint.

IV. **CONCLUSION**

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) accepting this Report and Recommendation;

///

---

[9] Because the Court recommends granting Defendants' motion to dismiss on the basis that each of Plaintiff's claims is barred by the applicable statute of limitations, it need not address Defendants' alternative argument that Plaintiff has failed to state a claim against all Defendants except Hoodenpyle. In addition, because the Court recommends dismissal of the present Complaint, Plaintiff's request that the Court order service of Defendant Morgan is moot. (ECF No. 16 at 1.)

14

(2) **GRANTING** Defendants' Motion to Dismiss Plaintiff's Complaint as barred by the statute of limitations, **WITH LEAVE TO AMEND**.

 **IT IS ORDERED** that no later than **September 12, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

 **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 27, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

 **IT IS SO ORDERED.**

Dated: August 15, 2019

                _____
                Hon. Jill L. Burkhardt
                United States Magistrate Judge