UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HOODENPYLE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-cv-35-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are 1) the Motion to Dismiss Plaintiff's Complaint filed by Deputy Defendants Pablo Reyes, Jeffrey Burns, Joshua Hoodenpyle, Jianna D'Agostino, Miguel Angulo, and Brittany Stubbs (ECF No. 5); and 2) the Report and Recommendation issued by the Magistrate Judge (ECF No. 20).

**I.　BACKGROUND**

　　Plaintiff Keith Wayne Sekerke is a prisoner currently incarcerated at the San Diego Central Jail and proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 7, 2019, Plaintiff filed a Complaint against San Diego Sheriff Deputies Pablo Reyes, Jeffrey Burns, Joshua Hoodenpyle, Jianna D'Agostino,

Miguel Angulo, Brittany Stubbs, and "John Doe."[1] (ECF No. 1 at 1-3). Plaintiff alleges in the Complaint that on September 7, 2015, Plaintiff was housed in administrative segregation at the Vista Detention Facility in Vista, California. Plaintiff alleges that, at "approximately 2:00 p.m.," while Plaintiff was sitting at his desk and writing, six San Diego Sheriff Deputies unlocked Plaintiff's cell door and entered his cell. (*Id.* at 4). Plaintiff alleges that the Deputies ordered Plaintiff to "immediately get up and move to another cell" without explanation. (*Id.*). Plaintiff alleges that the Deputies told Plaintiff that they would gather Plaintiff's property. Plaintiff alleges that he requested permission to pack his own property, and a Deputy replied, "alright." (*Id.*).

Plaintiff alleges that when he began to gather his property, Deputies Morgan, Burns, Angulo, and Hoodenpyle "rushed" and "beat" Plaintiff. (*Id.*). Plaintiff alleges that Deputies Morgan, Burns, Angulo, and Hoodenpyle beat Plaintiff "in the head and body," punching Plaintiff twenty-five to thirty times. (*Id.*). Plaintiff alleges that Deputy Hoodenpyle "was in the lead and initiated the beating . . . ." (*Id.*). Plaintiff alleges that Deputy Hoodenpyle "was the most aggressive with punches and he pounded [Plaintiff's] head into the back of the cell." (*Id.*). Plaintiff alleges that Deputies Reyes and D'Agostino "stood by and watched" the beating and failed to intervene. (*Id.*). Plaintiff alleges that D'Agostino eventually told the other Deputies, "O.K., he's had enough. Stop." (*Id.*).

Plaintiff alleges that he was "taken to a cell that was covered in feces and urine." (*Id.*). Plaintiff alleges that he requested medical attention from Deputy Stubbs, and Deputy Stubbs refused. Plaintiff alleges that after a shift change at approximately 7:00 p.m., the new staff saw Plaintiff's injuries and took Plaintiff to see prison medical staff. Plaintiff alleges that "911 was called and plaintiff was taken to Tri-City Medical Center for head trauma." (*Id.* at 5). Plaintiff alleges that he "pursued a jail grievance," filed "a complaint

---

[1] Plaintiff identifies Deputy D'Agostino as "D'Agustino" and Deputy Angulo as "Anguilo" in the Complaint. (*See* ECF No. 1 at 1). Plaintiff names "Deputy Morgan" as an additional Defendant in the Complaint. (*Id.* at 2). To date, "Deputy Morgan" has not been served. (*See* ECF No. 8).

with internal affairs," and filed a "county claim."² (*Id.* at 6). Plaintiff alleges that he "was threatened by defendant Hoodenpyle and scared [ ] from further pursuing a court claim." (*Id.*).

Plaintiff brings claims against Defendants under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights. Plaintiff alleges that Deputies Reyes, Burns, Hoodenpyle, D'Agostino, and Angulo violated Plaintiff's right to be free from cruel and unusual punishment. Plaintiff alleges that Deputy Stubbs violated Plaintiff's right to medical care. Plaintiff alleges Deputy Hoodenpyle violated Plaintiff's right to access the courts and to due process. Plaintiff seeks $500,000 in damages, $500,000 in punitive damages, and an injunction against Defendants "[f]rom retaliating against plaintiff in any way." (*Id.* at 8).

On May 9, 2019, Deputies Reyes and Burns filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Deputies Reyes and Burns move to dismiss Plaintiff's Complaint on the grounds that Plaintiff's Complaint is barred by the two-year statute of limitations and fails to state a claim against Deputies Reyes and Burns. (ECF No. 5). On May 16, 2019, Deputies Hoodenpyle, D'Agostino, Angulo, and Stubbs filed a Notice of Joinder joining Deputies Reyes and Burns' Motion to Dismiss. (ECF No. 15). Specifically, Deputies Hoodenpyle, D'Agostino, Angulo, and Stubbs join the argument that Plaintiff's Complaint is time-barred. Deputies D'Agostino, Angulo, and Stubbs join the argument that Plaintiff fails to state a claim. On June 3, 2019, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 16). On June 21, 2019, Defendants filed a Reply. (ECF No. 17). On July 2, 2019, Plaintiff filed a Sur-Reply. (ECF No. 19).

On August 16, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's

---

² Plaintiff attaches as "Exhibit A" to his Complaint 1) a copy of Plaintiff's December 3, 2015, "Claim Against the County of San Diego;" 2); a copy of Plaintiff's Internal Affairs Complaint (September 2015 filing date illegible); and 3) a copy of the Sheriff's Department September 18, 2015, acknowledgement of receipt of the Internal Affairs Complaint. (ECF No. 1 at 11-16).

Complaint without prejudice and with leave to amend. (ECF No. 20). The Report and Recommendation concluded that Plaintiff's Complaint is time-barred. The Report and Recommendation stated:

> Based on the allegations in Plaintiff's Complaint, Plaintiff knew or had reason to know of the injuries which are the basis of this action on September 7, 2015. (*See* ECF No. 1.) This is the date on which Plaintiff alleges he was beaten, denied medical care, and threatened against filing suit. (*See id.* at 1, 4-6.) Plaintiff did not file his Complaint until January 7, 2019. (*Id.*) As the [two-year] statute of limitations ran on September 7, 2017, Plaintiff's Complaint is untimely, unless he is entitled to [equitable or statutory] tolling.
>
> . . .
>
> By its plain language, the tolling provision of Section 352.1 [of the California Code of Civil Procedure] only applies to claims for damages, not claims for injunctive relief. Therefore, Plaintiff is not entitled to tolling under Section 352.1 with respect to the portion of his action that is for injunctive relief.
>
> . . .
>
> . . . Plaintiff alleges in his Complaint that he was incarcerated at the Vista Detention Facility when his claims accrued, and he was later "released from custody of [the] Sheriff and sent to prison Dec[ember] 15, 2015 through Sept[ember] 2017." (ECF No. 1 at 1, 7.) He expands on that in his opposition, clarifying that, at the time of the alleged beating, he had pled guilty and was awaiting sentencing. (ECF No. 16 at 2). Based on these allegations, Plaintiff was not serving "a term of imprisonment in the state prison" within the meaning of Section 352.1 at the time his claims accrued. Therefore, he is not entitled to its two-year tolling period.
>
> . . .
>
> Based on [Plaintiff's allegations that filed administrative claims on November 30, 2015, and September 9, 2015, exhausted his grievance procedures in 2015, and was released from Sheriff custody on December 15, 2015], Plaintiff was entitled to equitable tolling through the end of 2015 while he pursued and exhausted mandatory grievance procedures. *McDonald* [*v. Antelope Valley Cmty. Coll. Dist.*], 45 Cal. 4th [88,] 101 [(2008)] ("Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic[.]"). However, even accounting for this period of equitable tolling, Plaintiff's Complaint is still untimely by over a year.
>
> . . .
>
> Plaintiff's allegation in his Complaint that he "was threatened by defendant Hoodenpyle" . . . can also be construed as an independent basis for an equitable tolling claim. However, the Court finds that this allegation does not support additional tolling. Plaintiff alleges that he left the custody of the

Sheriff's Department, where Defendant Hoodenpyle was employed, in December 2015. ([ECF No. 1] at 2, 7). Thereafter, Plaintiff was in state prison through September 2017 and his Complaint does not allege the existence of any ongoing threats at the state prison that would have precluded him from filing his Complaint in a timely manner . . . . As the Court has already recognized that Plaintiff's claims were equitably tolled until December 2015, and because Plaintiff's allegations with respect to fearfulness would not extend beyond December 2015, Plaintiff has not established a basis for any additional equitable tolling.

(*Id.* at 7, 8, 10-13).

On October 31, 2019, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 23). On November 4, 2019, Plaintiff filed a Supplemental Document in support of his Objections. (ECF No. 24). On November 12, 2019, Defendants filed a Reply to Plaintiff's Objections. (ECF No. 25).

## II. CONTENTIONS

Plaintiff objects to the Magistrate Judge's conclusion that the statute of limitations bars Plaintiff's claims for damages. Plaintiff contends that he "was a convicted prisoner" when his claim accrued on September 7, 2015. (ECF No. 23 at 7). Plaintiff contends that he pled guilty in March 2015 and was awaiting sentencing at the Vista Detention Facility, which was scheduled for November 2015. Plaintiff contends that he was a state prisoner on September 7, 2015, even though he resided at the Vista Detention Facility; "[i]t just takes time to be transferred from jail to prison." (*Id.* at 6). Plaintiff contends that he "was in continuous custody as a prison commit" from when he pled guilty in March 2015 to when he was released from prison in September 2017. (*Id.* at 2). Plaintiff contends that equitable tolling applied until he was transferred to state prison in December 2015. "Once [Plaintiff] was in prison, [statutory tolling] then attache[d]." (*Id.* at 5). Plaintiff contends that he had until September 7, 2019, to file his Complaint.

Defendants contend that the Magistrate Judge properly determined that the statute of limitations bars Plaintiff's claims. Defendants contend that section 352.1 of the California Code of Civil Procedure does not toll the statute of limitations because "Plaintiff

5

was not imprisoned in state prison on a criminal charge when his claim accrued." (ECF No. 25 at 4). Defendants contend that equitable tolling does not apply. Defendants contend that "[i]f Plaintiff had actually been concerned about retribution if he filed suit, he would not have . . . [filed] an Internal Affairs inquiry and a Government Tort Claim with the County." (*Id.* at 6). Defendants contend that even if Plaintiff's claims were equitably tolled until he was sent to prison, Plaintiff failed to file suit within two years after he was sent to prison.

## III. LEGAL STANDARD

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## IV. DISCUSSION

Plaintiff objects to the Magistrate Judge's conclusion that the statute of limitations bars Plaintiff's claims for damages[3] and that statutory and equitable tolling do not toll the statute of limitations until Plaintiff filed his Complaint. The Court has conducted a *de novo* review of the Report and Recommendation and the entire file, including Plaintiff's

---

[3] Plaintiff does not object to the Magistrate Judge's determination that the statute of limitations bars Plaintiff's claims for injunctive relief. *See* ECF No. 23 at 5-6 ("Plaintiff understands his injunctive relief claims are barred."). The Court adopts in its entirety the portion of the Report and Recommendation to which no objection was filed.

Objections. The Court finds that the Magistrate Judge correctly determined that a two-year statute of limitations applies to Plaintiff's claims, and Plaintiff failed to file suit within two years after his claims accrued on September 7, 2015. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (two-year statute of limitations for § 1983 claims in California); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); Cal. Civ. Proc. Code § 335.1. Plaintiff's Complaint is untimely, unless Plaintiff is entitled to tolling.

### a. **Statutory Tolling**

Federal courts apply the forum state's tolling law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The applicable tolling statute in this case is section 352.1 of the California Code of Civil Procedure, which provides in relevant part:

> If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a). Pursuant to section 352.1(a), the two-year statute of limitations applicable to Plaintiff's § 1983 action is tolled if Plaintiff was "imprisoned on a criminal charge" or "under the sentence of a criminal court for a term less than for life" on September 7, 2015. *Id.*

In applying the forum state's tolling law, the federal court is "bound by a state's highest court's interpretation of its own statute." *Briceno v. Scribner*, 555 F.3d 1069, 1080 (9th Cir. 2009). "'In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.'" *Id.*[4] (quoting *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th

---

[4] In *Briceno*, the court determined that the California Supreme Court would interpret California's gang sentencing enhancement statute consistent with the Court of Appeals for the Ninth Circuit's interpretation, instead with the conflicting interpretation of the California Court of Appeal. 555 F.3d at 1080.

Cir. 1983). There is an "absence of a pronouncement" from the California Supreme Court on the interpretation of section 352.1(a). *Id.* The Court of Appeals for the Ninth Circuit and the California Court of Appeal have conflicting interpretations of the statute.

In *Elliott v. City of Union City*, the Court of Appeals for the Ninth Circuit analyzed "whether being continuously incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge'" under section 352(a)(3) of the California Code of Civil Procedure, the predecessor to section 352.1(a).[5] 25 F.3d 800, 802 (9th Cir. 1994). The plaintiff brought a claim under § 1983 for excessive force during his arrest. *Id.* at 801. After his arrest, the plaintiff remained in continuous police custody until he was convicted on two felony counts of battery on a police officer and sent to state prison. *Id.* The court of appeals held that, "actual, uninterrupted incarceration is the touchstone for assessing tolling under § 352(a)(3), which covers all post-arrest custody." *Id.* at 803 (quotation omitted). Tolling is "triggered by the individual's arrest and incarceration." *Id.* at 802. Therefore, "the statute of limitations applicable to [the plaintiff's] § 1983 action was tolled commencing at the time of his arrest and continuing through his custody." *Id.* at 803.

The California Court of Appeal subsequently analyzed section 352.1 to determine whether the statute of limitations is tolled when a cause of action accrues while the plaintiff is in pretrial custody at the county jail. *Austin v. Medicis*, 21 Cal. App. 5th 577 (2018), *review denied* (June 13, 2018). In *Austin*, the plaintiff brought contract and tort claims against the attorney who represented the plaintiff before trial in his criminal case. *Id.* at 582-83. The court of appeal held that a plaintiff is "'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison." *Id.* at 597. Because the plaintiff "was in pretrial custody in the Los Angeles County Jail [when the cause of action accrued], he was not 'imprisoned on a criminal charge' . . . and section 352.1 does not apply." *Id.* The court reasoned that a person's civil

---

[5] Section 352(a)(3) was amended by section 352.1(a) to add the phrase "not to exceed two years."

rights are suspended only when the person is in state prison, not when the person is in county jail. *Id.* at 593. The court also reviewed the legislative history of section 352.1 and determined that it "mention[s] only those inmates" incarcerated in state prison. *Id.* at 596. The court acknowledged the decision in *Elliott* but found it "unpersuasive." *Id.* at 590 n. 4. The court stated that *Elliott* "predated the enactment of section 352.1, [so] the *Elliott* court did not have the benefit of the legislative findings on this subject." *Id.*

The California Supreme Court had the opportunity to review the decision in *Austin* and declined to do so. There is no California Supreme Court authority that suggests the Court would decide *Austin* differently. Therefore, this Court "must follow the decision of the intermediate appellate court[ ] of the state." *Briceno*, 555 F.3d at 1080 (quotation omitted); *see Shaw v. Sacramento Cty. Sheriff's Dep't*, 343 F. Supp. 3d 919, 924 (E.D. Cal. 2018) (applying the *Austin* standard and holding that the plaintiff's claims were not tolled while she was in Sacramento County Jail for one night), *appeal filed*, No. 18-17184 (9th Cir. Nov. 13, 2018); *Lockett v. Cty. of Los Angeles*, No. CV-18-5838-PJW, 2018 U.S. Dist. LEXIS 224405, at *7 (C.D. Cal. Oct. 25, 2018) (applying the *Austin* standard and holding that the plaintiff's claims were not tolled while he was imprisoned in county jail on attempted murder charges); *but see Baros v. Ramirez*, No. 17-cv-00948-R (SHK), 2019 WL 3849171 (C.D. Cal. June 5, 2019) (applying the *Elliott* standard); *Lopez v. City of Santa Ana*, No. SACV-18-02294-SVW (RAO), 2019 WL 367828 (C.D. Cal. Jan. 30, 2019) (same); *Briceno v. Williams*, No. 16cv1665-JAH (AGS), 2018 U.S. Dist. LEXIS 197208 (S.D. Cal. Nov. 19, 2018) (same); *Wilkins v. Vancott*, No. 17-CV-00340-YGR (PR), 2018 WL 3763316 (N.D. Cal. Aug. 7, 2018) (same); *see also Whitaker v. LaRoche*, No. 18cv171-CAB-BGS, 2018 WL 6601850, at *5 (S.D. Cal. Dec. 17, 2018) (citing the *Austin* standard but "[a]ssuming § 352.1 applies to the San Diego County Jail incarceration . . . ."); *Garcia v. Corral*, No. 18-cv-04730-PJH, 2019 U.S. Dist. LEXIS 30585, at *7 (N.D. Cal. Feb. 26, 2019) (holding that tolling does not apply to plaintiff's claims under either the *Elliott* or the *Austin* standard). At the time Plaintiff's claim accrued on September 7, 2015, Plaintiff was housed at the Vista Detention Facility. Plaintiff was not "serving a term

of imprisonment in the state prison." *Austin*, 21 Cal. App. 5th at 593. Accordingly, Plaintiff was not "imprisoned on a criminal charge" or "under the sentence of a criminal court for a term less than for life" pursuant to section 352.1(a). Plaintiff is not entitled to statutory tolling.

### b. Equitable Tolling

The Court has conducted a *de novo* review of the Report and Recommendation and the entire file, including Plaintiff's Objections. The Court finds that the Magistrate Judge correctly determined that Plaintiff was entitled to equitable tolling through the end of 2015, when Plaintiff alleges that he exhausted mandatory grievance procedures. *See McDonald*, 45 Cal. 4th at 100 ("Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been well settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the statute of limitations period is tolled during the time consumed by the administrative proceeding.'" (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)). The Court finds that the Magistrate Judge correctly determined that Plaintiff was not entitled to equitable tolling due to the alleged threats made by Defendant Hoodenpyle that would extend beyond the end of 2015. The Court finds that the Magistrate Judge correctly determined that Plaintiff's Complaint was untimely after accounting for the period of equitable tolling.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 20) is adopted in in part and not adopted in part. The Court adopts the Report and Recommendation except the portion related to statutory tolling. (ECF No. 20 at page 7, line 15, through page 11, line 1).

IT IS FURTHER ORDERED that Plaintiff's Objections to the Report and Recommendation (ECF No. 23) are overruled.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 5) is granted. Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

1 | Plaintiff shall file an amended Complaint within sixty days of the date of this Order. If no
2 | amended Complaint is filed, the Clerk shall close the case.
3 | Dated: February 26, 2020

Hon. William Q. Hayes
United States District Court