UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE, <br><br> Plaintiff, <br><br> v. <br><br> HOODENPYLE, et al., <br><br> Defendants. | Case No.: 19-cv-00035-WQH (JLB) <br><br> **REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **[ECF No. 30]** |

Plaintiff Keith Wayne Sekerke ("Plaintiff"), a prisoner formerly incarcerated at the Vista Detention Facility and currently incarcerated at the San Diego Central Jail, is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 3; 28 ("FAC").) Plaintiff filed his First Amended Complaint in this matter on April 9, 2020 against San Diego County Sheriff's Deputies Joshua Hoodenpyle ("Hoodenpyle"), Pablo Reyes ("Reyes"), Jeffrey Burns ("Burns"), Jianna D'Agostino ("D'Agostino"), Miguel Angulo ("Angulo"), Brittany Stubbs ("Stubbs"), and the County of San Diego ("County of San Diego" or "County"). (FAC at 1–3.) Presently before the Court is a Motion to Dismiss the First Amended Complaint filed by Angulo, D'Agostino, Hoodenpyle, Stubbs, Reyes, and Burns (collectively,

"Defendants").[1] (ECF No. 30.) Plaintiff filed an opposition (ECF No. 32), and Defendants filed a reply (ECF No. 33).

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California. After a thorough review of Plaintiff's First Amended Complaint and the parties' filings, and for the reasons discussed below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint be **GRANTED** without leave to amend.

I.   BACKGROUND

   A.   Factual Background

The following allegations are taken from Plaintiff's First Amended Complaint:

On September 7, 2015, Plaintiff was housed in administrative segregation at the Vista Detention Facility in Vista, California. (FAC at 1, 4.) At 2:00 p.m. on September 7, 2015, while Plaintiff was sitting at his desk and writing, six San Diego County Sheriff Deputies, including Hoodenpyle, Reyes, Burns, D'Agostino, and Angulo, unlocked his cell door and entered. (*Id.* at 4.) Hoodenpyle ordered Plaintiff "to immediately get up and move to another cell without any explanation or provocation." (*Id.*) Hoodenpyle informed Plaintiff that they would collect Plaintiff's property. (*Id.*) Plaintiff then requested to pack his own property. (*Id.*) Reyes and D'Agostino approved Plaintiff's request. (*Id.*)

As Plaintiff began to gather his property, Hoodenpyle, Angulo, Burns, and another deputy "immediately jumped" Plaintiff and beat him "in the head and body with about 25–30 punches." (*Id.*) Hoodenpyle was the lead aggressor. (*Id.*) He not only beat Plaintiff the most, but he pounded Plaintiff's head into the wall at the back of the cell. (*Id.*)

---

[1]   Defendant County of San Diego, which was not named in the original Complaint (ECF No. 1), has not been served with the First Amended Complaint. (*See* ECF No. 30-1 at 2.)

D'Agostino and Reyes stood by and watched the beating and failed to intervene and/or protect Plaintiff. (*Id.*) D'Agostino was heard saying, "'o.k., he (plaintiff) has had enough.'" (*Id.*) Defendants then escorted Plaintiff in handcuffs to another cell, which was contaminated with feces and urine. (*Id.*) The cell move was done maliciously. (*Id.*)

That same day, Plaintiff asked Stubbs if he could be seen by medical for his injuries, but Stubbs denied Plaintiff's request. (*Id.* at 6.) After a shift change at about 7:00 p.m., Plaintiff was escorted to the jail medical clinic and he saw a physician. (*Id.*) Eventually, the jail physician called 911 and Plaintiff was escorted by ambulance to Tri-City Hospital's Emergency Department, where he was treated for head trauma. (*Id.*)

Following the beating, Hoodenpyle threatened Plaintiff with another "ass kicking," thereby dissuading Plaintiff from filing a federal civil rights complaint. (*Id.* at 7.) Plaintiff did, however, file an Internal Affairs complaint and a San Diego County claim form.[2] (*Id.*)

Plaintiff had been "convicted of auto theft" in March 2015 and was committed to the California Department of Corrections and Rehabilitation ("CDCR"), "thus making Plaintiff a convicted prisoner." (*Id.*) Plaintiff feared filing a federal civil rights complaint while in prison. (*Id.*) Plaintiff was released from prison on September 8, 2017. (*Id.*) Plaintiff was arrested again in October 2018 and incarcerated. (*Id.*) He currently resides at the San Diego Central Jail. (*Id.* at 1.)

In his First Amended Complaint, Plaintiff alleges that all Defendants except Stubbs violated his constitutional right to be free from cruel and unusual punishment. (*Id.* at 4.) Plaintiff further alleges that Stubbs violated his constitutional right to medical care. (*Id.* at 6.) Lastly, Plaintiff alleges that Hoodenpyle violated his constitutional right to access the courts. (*Id.* at 7–8.) Plaintiff seeks an injunction against any forms of retaliation, damages

---

[2] Plaintiff attaches to his First Amended Complaint a copy of his "Claim Against the County of San Diego," dated November 30, 2015, a copy of his Internal Affairs complaint with the San Diego County Sheriff's Department, dated on or about September 9, 2015, and a copy of the Sheriff's Department's acknowledgement of receipt of the Internal Affairs complaint, dated September 18, 2015. (*See* FAC at 12–20.)

in the sum of $500,000, and punitive damages in the sum of $500,000. (*Id.* at 10.)

### B.   Procedural Background

On January 7, 2019, Plaintiff initiated this federal civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) His original Complaint alleged that Hoodenpyle, Burns, D'Agostino, Reyes, Angulo, and Deputy Morgan violated his right to be free from cruel and unusual punishment, Stubbs violated his right to medical care, and Hoodenpyle violated his right to access the courts and to due process. (*Id.* at 1–6.) On May 9, 2019, Reyes and Burns moved to dismiss the Complaint on the grounds that it was time barred and failed to state a claim upon which relief could be granted. (ECF No. 5.) On May 16, 2019, D'Agostino, Angulo, Hoodenpyle, and Stubbs filed a Notice of Joinder in the dismissal motion. (ECF No. 15.)[3]

On August 16, 2019, this Court issued a Report and Recommendation ("R&R") on the Motion to Dismiss, recommending that Judge Hayes grant the motion and dismiss the Complaint with leave to amend. (ECF No. 20.) Plaintiff filed objections. (ECF Nos. 23; 24.) Judge Hayes overruled Plaintiff's objections to the R&R and adopted the R&R except the portion related to statutory tolling. (ECF No. 27.) Judge Hayes further dismissed the Complaint without prejudice and with leave to amend. (*Id.* at 10–11.)

Plaintiff filed his First Amended Complaint on April 9, 2020 against Hoodenpyle, Reyes, Burns, D'Agostino, Angulo, Stubbs, and the County of San Diego. (ECF No. 28.) The County of San Diego has not been served with the First Amended Complaint. (*See* ECF No. 30-1 at 2.) Defendants now move to dismiss Plaintiff's First Amended Complaint. (ECF No. 30.)[4]

///

---

[3]   Deputy Morgan was not served with the original Complaint. (*See* ECF Nos. 8; 16 at 1.)

[4]   Defendants also argue on behalf of the County in their Motion to Dismiss. (*See* ECF No. 30-1 at 7–8.)

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure require that a plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard that Rule 8 announces does not require detailed factual allegations, and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the claims in the complaint. *See Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In ruling on a Rule 12(b)(6) motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (quoting *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991)).

### B.   Standards Applicable to *Pro Se* Litigants

With respect to an inmate who proceeds *pro se*, his factual allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming that this standard applies to *pro se* pleadings post-*Twombly*). Thus, where a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation omitted).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir.1988). Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.* at 623; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### III.   DISCUSSION

The Court gave Plaintiff an opportunity to cure the deficiencies in his original Complaint. (*See* ECF Nos. 20; 27.) Defendants now move to dismiss Plaintiff's First Amended Complaint on the basis that Plaintiff "fails to allege any new facts—or any new dates—that could alter the Court's prior ruling that Plaintiff's claims are barred by the

statute of limitations." (ECF No. 30-1 at 2.) Defendants further assert that Plaintiff's First Amended Complaint fails to state a claim, even if not barred by the statute of limitations. (*Id.* at 7–9.) For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint is barred by the statute of limitations.

### A.   Law of the Case Doctrine

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)); *see also Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001) ("Under the law-of-the-case doctrine, a court will not reexamine an issue previously decided by the same or higher court in the same case."). The law of the case doctrine is "not a limitation on a tribunal's power, but rather a guide to discretion." *Id.* (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). Courts have "discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id.* "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* (citing *Thomas*, 983 F.2d at 155).

### B.   Statute of Limitations

"Section 1983 does not contain its own statute of limitations." *TwoRivers*, 174 F.3d at 991. Without a federal limitations period, federal courts apply to Section 1983 cases the statute of limitations for personal injury claims in the forum state. *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985)); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("Section 1983 claims are characterized as personal injury suits for statute of limitations purposes."). However, in borrowing a state statute of limitations for a federal cause of action, the federal courts "borrow no more than necessary." *TwoRivers*, 174 F.3d at 991 (quoting *West v. Conrail*, 481 U.S. 35, 39–40 (1987)). Therefore, "federal, not state,

law determines when a civil rights claim accrues." *Id.* (citing *Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 991–92 (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)).

In this case, the forum state is California. (ECF No. 1.) The governing statute of limitations is therefore California Civil Procedure Code Section 335.1. *See* Cal. Civ. Proc. Code § 335.1; *see also Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014). Section 335.1 provides for a two-year statute of limitations for personal injury suits. *See id.*; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("Effective January 1, 2003, the new California statute of limitations for assault, battery, and other personal injury claims is two years . . . .").

In ruling on Defendants' prior Motion to Dismiss Plaintiff's Complaint, Judge Hayes held:

> [A] two-year statute of limitations applies to Plaintiff's claims, and Plaintiff failed to file suit within two years after his claims accrued on September 7, 2015. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (two-year statute of limitations for § 1983 claims in California); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); Cal. Civ. Proc. Code § 335.1. Plaintiff's Complaint is untimely, unless Plaintiff is entitled to tolling.

(ECF No. 27 at 7.)

Based on the allegations in Plaintiff's First Amended Complaint and the arguments in his opposition, the Court finds that no circumstances exist supporting reconsideration of this holding. Based upon Plaintiff's allegations, he knew or had reason to know of the injuries which are the basis of this action on September 7, 2015. (*See* FAC at 1, 4–8.) This is the date on which Plaintiff alleges he was beaten, denied medical care, and threatened against filing suit. (*See id.*) Plaintiff did not file his Complaint until January 7, 2019. (ECF No. 1.) As the statute of limitations ran on September 7, 2017, this lawsuit is untimely unless Plaintiff is entitled to tolling.

**C.     Tolling**

Federal courts apply the forum state's law regarding tolling. *See Jones*, 393 F.3d at 927; *see also Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999) ("Federal courts . . . apply a forum state's law regarding tolling, including equitable tolling[,] when not inconsistent with federal law.").

1.     <u>California Civil Procedure Code Section 352.1</u>

Plaintiff contends that his claims should be tolled in accordance with California Civil Procedure Code Section 352.1. (FAC at 7–8; ECF No. 32 at 3.) Section 352.1 provides, in relevant part:

> (a) If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
> . . .
> (c) This section does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages, relating to the conditions of confinement, including an action brought by that person pursuant to Section 1983 of Title 42 of the United States Code.

Cal. Civ. Proc. Code § 352.1(a), (c). Therefore, pursuant to Section 352.1, the limitations period for the portion of Plaintiff's action that is for the recovery of damages[5] can be tolled for up to two years if the cause of action accrued while Plaintiff was "imprisoned on a criminal charge," or "in execution under the sentence of a criminal court for a term less than for life." *See Ellis v. City of San Diego*, 176 F.3d 1183, 1188–90 (9th Cir. 1999); *Beaudoin v. Schlachter*, 672 F. App'x 706, 706 (9th Cir. 2016).

---

[5]     Plaintiff is seeking both injunctive relief and damages. (FAC at 10.) By its plain language, the tolling provision of Section 352.1 only applies to claims for damages, not claims for injunctive relief. Therefore, Plaintiff is not entitled to tolling under Section 352.1 with respect to the portion of his action that is for injunctive relief. (*See* ECF No. 27 at 6, n.3.)

In ruling on Defendants' prior Motion to Dismiss Plaintiff's Complaint, Judge Hayes held that this Court must follow the decision of *Austin v. Medicis*, 21 Cal. App. 5th 577 (2018), *review denied* (June 13, 2018), in applying Section 352.1. (ECF No. 27 at 9.) In *Austin*,

> [t]he court of appeal held that a plaintiff is "'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison." [21 Cal. App. 5th] at 597. Because the plaintiff "was in pretrial custody in the Los Angeles County Jail [when the cause of action accrued], he was not 'imprisoned on a criminal charge' . . . and section 352.1 does not apply." *Id.*

(ECF No. 27 at 8.) Relying on *Austin*, Judge Hayes held as follows:

> At the time Plaintiff's claim accrued on September 7, 2015, Plaintiff was housed at the Vista Detention Facility. Plaintiff was not "serving a term of imprisonment in the state prison." *Austin*, 21 Cal. App. 5th at 593. Accordingly, Plaintiff was not "imprisoned on a criminal charge" or "under the sentence of a criminal court for a term less than for life" pursuant to section 352.1(a). Plaintiff is not entitled to statutory tolling.

(ECF No. 27 at 9–10.)

Nothing before the Court supports reconsideration of this holding.[6] In his First Amended Complaint, Plaintiff alleges that he was convicted of auto theft in March 2015 and thereafter committed to CDCR, thus making him a "convicted prisoner" at the time of the events at issue on September 7, 2015. (FAC at 7.) However, Plaintiff also alleges that he was not in state prison at the time of the events, but rather was being held at the San Diego County Sheriff's Department's Vista Detention Facility. (*See* FAC at 1; Cal. Penal

---

[6] The Court notes that no intervening change in law has occurred. On the contrary, the Ninth Circuit, in an unpublished decision issued after the Court ruled on Defendants' prior Motion to Dismiss, held that it was "obligated to follow" *Austin*. *Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 F. App'x 553, 554 (9th Cir. 2020).

Code § 5003 (listing prisons and institutions within CDCR's jurisdiction).)[7] He further argues in his opposition that "his accrual period" should begin "in December 2015 when Plaintiff is a state prisoner." (ECF No. 32 at 4–5.) Thus, there is no dispute that Plaintiff was not serving a term of imprisonment in a state prison at the time of the events at issue in his First Amended Complaint.[8]

The Court is unpersuaded by Plaintiff's argument that the period of equitable tolling from September 7, 2015 through December 2015, as discussed below, serves to delay the beginning of the statute of limitations period, such that Plaintiff was actually serving a term of imprisonment in state prison by the time the two-year statute began to run and Section 352.1 therefore applies. (ECF No. 32 at 3–4.) As previously stated, "federal, not state, law determines when a civil rights claim accrues." *TwoRivers*, 174 F.3d at 991 (citation omitted). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 991–92 (citation omitted).

---

[7] Additionally, the Court takes judicial notice of Plaintiff's representations in filings in other cases he has commenced in this District. *See United States v. Author Servs., Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986), *amended*, 811 F.2d 1264 (9th Cir. 1987), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997) ("It is well established that a court may take judicial notice of its own records."). On April 17, 2015, Plaintiff filed a Notice of Change of Address, notifying the Court that his new address was the Vista Detention Facility. *Sekerke v. Gonzales*, No. 15-cv-00573-JLS (WVG) (S.D. Cal.), at ECF No. 3. On December 9, 2015, Plaintiff filed another Notice of Change of Address, notifying the Court that his new address was the California Institute for Men located in Chino, CA. *Id.* at ECF No. 18.

[8] Moreover, the Court takes judicial notice of the fact that Plaintiff appealed his state court conviction on December 15, 2015. *See People v. Sekerke*, No. D069480, 2016 WL 5404082, at *1 (Cal. Ct. App. Sept. 29, 2016) (Plaintiff was charged with and pled guilty to auto theft in March 2015); Notice of Appeal, *People v. Sekerke*, No. D069480. In California, a notice of appeal must generally be filed within 60 days of service of the Notice of Entry of judgment. *See* Cal. R. Ct. 8.104. This further supports Plaintiff's prior statement in this case, made under penalty of perjury, that as of September 7, 2015, he was not serving a term of imprisonment in a state prison, but rather had pled guilty and was awaiting sentencing. (*See* ECF No. 16 at 2.)

Judge Hayes previously determined that Plaintiff's claims[9] accrued on September 7, 2015. (ECF No. 27 at 7.) Section 352.1 is clear that its tolling provisions apply "[i]f a person entitled to bring an action, . . . is**, at the time the cause of action accrued**, imprisoned on a criminal charge . . . ." Cal. Civ. Proc. Code § 352.1(a) (emphasis added); *see also* Cal. Civ. Proc. Code § 357 ("No person can avail himself of a disability, unless it existed when his right of action accrued."). None of Plaintiff's allegations in his First Amended Complaint support a different date of accrual.[10] Thus, Plaintiff is not eligible for statutory tolling under Section 352.1.

### 2. Equitable Tolling

The Court has already determined that "Plaintiff was entitled to equitable tolling through the end of 2015, [while he] exhausted mandatory grievance procedures." (ECF No. 27 at 10.) Now, Plaintiff argues he was entitled to equitable tolling extending *beyond* the end of 2015. The Court addresses these arguments below.

The Court has already considered and rejected Plaintiff's first argument that he is entitled to additional equitable tolling beyond the end of 2015 on the basis of specific threats of retaliation from Defendant Hoodenpyle made on September 7, 2015.[11] (*See, e.g.*,

---

[9] Plaintiff does not bring any new claims in his First Amended Complaint. (*Compare* ECF No. 1 at 4–6 *with* FAC at 4–9.)

[10] Plaintiff cites cases from other circuits supporting delayed accrual of the statute of limitations where a plaintiff alleges continuing violations. (ECF No. 32 at 3.) In the Ninth Circuit, a continuing violation theory applies to Section 1983 actions, allowing a plaintiff to seek relief for events outside of the limitations period. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). However, Plaintiff has not alleged any continuing violations in his First Amended Complaint, as he alleges that the events underlying each claim occurred on September 7, 2015 (FAC at 1, 4–8). *See Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331–32 (9th Cir. 1996) (under the "continuing violation" theory, the statute of limitations does not begin to run until the last breach occurs); *see also Knox*, 260 F.3d at 1013 (a "mere continuing *impact* from past violations is not actionable" if the violations lie outside the statute of limitations period).

[11] Plaintiff does not allege that any other Defendant made specific threats of retaliation after his alleged beating on September 7, 2015. (*See* FAC at 4–8.)

ECF Nos. 1 at 6; 20 at 13; 23 at 4.)  In its prior Order, the Court held that "Plaintiff was not entitled to equitable tolling due to the alleged threats made by Defendant Hoodenpyle that would extend beyond the end of 2015." (ECF Nos. 20 at 13; 27 at 10.)  The Court finds that Plaintiff has advanced no argument which supports reconsideration of this holding.  Plaintiff left the custody of the Sheriff's Department, where Defendant Hoodenpyle was employed, in December 2015 and was not, therefore, vulnerable to any threatened retaliation by him after that.  (*See* ECF Nos. 1 at 2–7; FAC at 2–7; 32 at 5.)

Next, Plaintiff appears to argue that he is entitled to equitable tolling post-December 2015 because, even after he was transferred to state prison, he was "in fear of false charges being brought against him to cover up the beating by defendants." (ECF No. 32 at 4; *see also* FAC at 7.)  Plaintiff argues that he "figured that the time from December 2015– September 2017 was enough time to weed out any bogus battery charges against [him]." (*Id.* at 3.)  In California, a defendant may be equitably estopped from asserting the statute of limitations as a defense if the plaintiff was prevented from timely filing a claim as a result of duress caused by the defendant during the applicable limitations period.  *See Ateeq v. Najor*, 15 Cal. App. 4th 1351, 1357 (1993) (finding the defendant equitably estopped from asserting the statute of limitations as a defense where the defendant's repeated threats of deportation caused plaintiff to delay filing suit).

In order for equitable estoppel to apply, a plaintiff must show that he was unable to file a timely claim as a result of his actual and reasonable reliance on the defendant's conduct or representations during the applicable limitations period.  *See id.*; *see also Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1051–52 (9th Cir. 2008) (setting forth the elements of equitable estoppel under California law and noting that "California equitable estoppel is . . . similar to and not inconsistent with federal common law"); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc).  Here, Plaintiff fails

to allege any actual and reasonable reliance on Defendants' conduct or representations.[12] As Plaintiff alleges in his First Amended Complaint, he filed both an Internal Affairs complaint and a claim with the County of San Diego while he was housed at the Vista Detention Facility without any retaliation. (*See id.* at 7, 13–20.) Plaintiff also did not need time to "weed out bogus battery charges" because Plaintiff has not alleged that any were brought against him. The Court does not find that Plaintiff's subjective, and demonstrably unfounded, concerns about retaliation in the form of false charges warrant equitable estoppel.[13]

As Plaintiff does not allege any other basis for equitable tolling, the Court finds that Plaintiff's First Amended Complaint is untimely. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). For the foregoing reasons, the Court recommends that Defendants' motion to dismiss be **GRANTED**.[14]

///

///

---

[12] The Court notes that Plaintiff has already represented in this case, under penalty of perjury, his reason for waiting to file this lawsuit. He stated that he "initially decided to just wait until [he] got to prison to file [a lawsuit] due to Deputy Hoodenpyle's threats, but after getting the Internal Affairs response got discouraged." (ECF No. 23 at 4.) He "thought they all just covered it up." (*Id.*) It was not until Plaintiff had a conversation with Reyes in 2018 in which Reyes informed him "they all got in trouble" that he "calculated the statute of limitations and tolling provisions and decided to file suit." (*Id.* at 3, 4.)

[13] *Compare Polk v. Cavin*, 447 F. App'x 840, 842 (9th Cir. 2011) (finding the plaintiff's allegations that she was threatened and intimidated sufficient to survive a motion to dismiss where she alleges the defendants who assaulted her continued making threats to keep her quiet and denied her access to legal materials and the law library), *with Limcaco v. Wynn*, 809 F. App'x 465, 466 (9th Cir. 2020) (finding that even if the plaintiff "perceived certain conduct by the defendants as threatening, she failed to allege any affirmative threat to her personally that prevented her from pursuing her claims").

[14] Because the Court recommends granting Defendants' motion to dismiss on the basis that each of Plaintiff's claims is barred by the applicable statute of limitations, it need not address Defendants' alternative argument that Plaintiff has failed to state a claim.

### D. Defendant County of San Diego

Defendant County of San Diego has not been served with the First Amended Complaint, and as such, it has not formally joined in Defendants' Motion to Dismiss. Nevertheless, "[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)," provided proper notice is given to the plaintiff. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *accord Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" (citations omitted) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979))).

The Court here finds that, after proper notice is given to Plaintiff, his claims against the County should be dismissed *sua sponte*, as time barred for the reasons stated above. Alternatively, the Court finds that Plaintiff's claims against the County should be dismissed for failure to state a viable Section 1983 claim. The First Amended Complaint is entirely devoid of allegations concerning the County's alleged constitutional violations. Plaintiff does not allege that the County adopted any policies, rules, or regulations that affected his rights or gave rise to any of his claims. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *see also Van Ort v. Est. of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Accordingly, the Court recommends that, after proper notice is given to Plaintiff by way of this Report and Recommendation, the First Amended Complaint be dismissed as to Defendant County of San Diego.

### E. Leave to Amend

Defendants argue that Plaintiff's First Amended Complaint should be dismissed with prejudice because any amendment would be futile. (ECF No. 30-1 at 9–10.) The Court agrees. It is absolutely clear that the deficiencies in the First Amended Complaint cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Accordingly, the Court recommends that the First Amended Complaint be dismissed without leave to amend.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) accepting this Report and Recommendation; (2) **GRANTING** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint as barred by the statute of limitations, **WITHOUT LEAVE TO AMEND**; and (3) **DISMISSING** the First Amended Complaint as to Defendant County of San Diego after proper notice is given to Plaintiff by way of this Report and Recommendation.

**IT IS ORDERED** that no later than **February 12, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 26, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: January 15, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge