UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY HOODENPYLE, Sheriff Deputy; DEPUTY MORGAN, Sheriff Deputy; DEPUTY BURNS, Sheriff Deputy; DEPUTY MS. D'AUGUSTINO, Sheriff Deputy; CPL. REYES, Sheriff Deputy; DEPUTY ANGUILO, Sheriff Deputy; B. STUBBS, Sheriff Deputy; JOHN DOE, Sheriff Deputy; and THE COUNTY OF SAN DIEGO,<br><br>    Defendants. | Case No.: 19-cv-35-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss Plaintiff's First Amended Complaint filed by Deputy Defendants Pablo Reyes, Jeffrey Burns, Joshua Hoodenpyle, Jianna D'Agostino, Miguel Angulo, and Brittany Stubbs (ECF No. 30) and the Report and Recommendation issued by the Magistrate Judge (ECF No. 36).

///

///

## I. BACKGROUND

Plaintiff Keith Wayne Sekerke is a prisoner currently incarcerated at the San Diego Central Jail and proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 7, 2019, Plaintiff filed a Complaint against San Diego Sheriff Deputies Pablo Reyes, Jeffrey Burns, Joshua Hoodenpyle, Jianna D'Agostino, Miguel Angulo, Brittany Stubbs, "Morgan," and "John Doe."[1] (ECF No. 1 at 1-3). Plaintiff alleged that Deputies Reyes, Burns, Hoodenpyle, D'Agostino, Morgan, and Angulo violated Plaintiff's right to be free from cruel and unusual punishment. Plaintiff alleged that Deputy Stubbs violated Plaintiff's right to medical care. Plaintiff alleged Deputy Hoodenpyle violated Plaintiff's right to access the courts and to due process.

On May 9, 2019, Deputies Reyes and Burns filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5). The Motion to Dismiss was joined by Deputies Hoodenpyle, D'Agostino, Angulo, and Stubbs. (ECF No. 15). On August 16, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendants' Motion to Dismiss and dismiss the Complaint without prejudice and with leave to amend. (ECF No. 20). The Report and Recommendation concluded that the Complaint is barred by the two-year statute of limitations. The Report and Recommendation concluded that Plaintiff is not entitled to statutory tolling under section 352.1 of the California Code of Civil Procedure. The Report and Recommendation concluded that Plaintiff is entitled to equitable tolling through the end of 2015, but the Complaint is still untimely by over a year.

Plaintiff filed Objections. (ECF Nos. 23, 24). On February 26, 2020, the Court issued an Order adopting the Report and Recommendation except the portion related to statutory tolling. (ECF No. 27). The Court determined that it must follow the decision of the

---

[1] Plaintiff identified Deputy D'Agostino as "D'Agustino" and Deputy Angulo as "Anguilo" in the Complaint. (*See* ECF No. 1 at 1). The docket reflects that "Deputy Morgan" was never served with the Complaint. (*See* ECF No. 8).

California Court of Appeal in *Austin v. Medicis*, 21 Cal. App. 5th 577 (2018), *review denied* (June 13, 2018), in which the court held that for purposes of statutory tolling, a plaintiff is "'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison." *Id.* at 597. The Court concluded that when Plaintiff's claim accrued on September 7, 2015, he was awaiting sentencing at the Vista Detention Facility, and Plaintiff is not entitled to statutory tolling under section 352.1(a). The Court dismissed the Complaint without prejudice and with leave to amend.

On April 9, 2020, Plaintiff filed a First Amended Complaint ("FAC") against Defendants the County of San Diego ("County") and Deputies Reyes, Burns, Hoodenpyle, D'Agostino, Angulo, and Stubbs.[2] (ECF No. 28). In the FAC, Plaintiff alleges that on September 7, 2015, Plaintiff was housed in administrative segregation at the Vista Detention Facility in Vista, California. Plaintiff alleges that at 2:00 p.m., while Plaintiff was sitting at his desk and writing, six San Diego Sheriff Deputies, including Deputies Hoodenpyle, Reyes, Burns, D'Agostino, and Angulo, unlocked Plaintiff's cell door and entered his cell. Plaintiff alleges that the Deputies ordered Plaintiff to "immediately get up and move to another cell without any explanation or provocation." (*Id.* at 4). Plaintiff alleges that Deputy Hoodenpyle told Plaintiff that the Deputies would gather Plaintiff's property. Plaintiff alleges that he requested permission to pack his own property, and Deputies Reyes and D'Agostino "approved Plaintiff's request." (*Id.*).

Plaintiff alleges that when he began to gather his property, Deputies Hoodenpyle, Angulo, Burns, and another Deputy "immediately jumped plaintiff beating plaintiff in the head and body with about 25-30 punches." (*Id.*). Plaintiff alleges that Deputy Hoodenpyle was the "lead [a]ggressor" and "pounded Plaintiff's head into the wall at the back of the cell." (*Id.*). Plaintiff alleges that Deputies Reyes and D'Agostino "stood by and watched" the beating and failed to intervene. (*Id.*). Plaintiff alleges that Deputy D'Agostino

---

[2] The docket does not reflect that the County has been served.

eventually told the other Deputies, "O.K., he (plaintiff) has had enough." (*Id.*). Plaintiff alleges that he was "maliciously" moved to a cell "contaminated with feces and urine." (*Id.*).

Plaintiff alleges that he requested that Deputy Stubbs take him to the medical clinic, and Deputy Stubbs refused. Plaintiff alleges that after a shift change at approximately 7:00 p.m., the new staff took Plaintiff to the medical clinic. Plaintiff alleges that the "jail physician called 911 and Plaintiff was escorted by ambulance to Tri-City Hospital's Emergency Department" where he was treated for "head trauma." (*Id.* at 6). Plaintiff alleges that he filed an Internal Affairs complaint and a San Diego County claim form.[3] Plaintiff alleges that Deputy Hoodenpyle "threatened plaintiff with another ass kicking," dissuading Plaintiff from filing a federal civil rights complaint. (*Id.* at 7).

Plaintiff alleges that he "was convicted of auto theft in March of 2015" and was committed to the California Department of Corrections and Rehabilitation ("CDCR"), "thus making plaintiff a convicted prisoner." (*Id.*). Plaintiff alleges that he was released from prison on September 8, 2017. Plaintiff alleges that he was arrested again in October 2018 and incarcerated.

Plaintiff brings the same claims against Defendants alleged in the original Complaint under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights. Plaintiff alleges that the County and Deputies Reyes, Burns, Hoodenpyle, D'Agostino, and Angulo violated Plaintiff's right to be free from cruel and unusual punishment. Plaintiff alleges that Deputy Stubbs violated Plaintiff's right to medical care. Plaintiff alleges Deputy Hoodenpyle violated Plaintiff's right to access the courts. Plaintiff seeks $500,000 in damages,

---

[3] Plaintiff attaches the following documents as "Exhibit A" to the FAC: 1) a copy of Plaintiff's November 30, 2015, "Claim Against the County of San Diego;" 2) a copy of Plaintiff's September 2015 Internal Affairs Complaint with the San Diego County's Sheriff's Department; and 3) a copy of the Sheriff's Department's September 18, 2015, acknowledgement of receipt of the Internal Affairs Complaint. (ECF No. 28 at 12-20).

$500,000 in punitive damages, and an injunction "preventing any forms of retaliation." (*Id.* at 10).

On April 23, 2020, the Deputy Defendants filed a Motion to Dismiss Plaintiff's FAC. (ECF No. 30). The Deputy Defendants move to dismiss the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff "fails to allege any new facts—or any new dates—that could alter the Court's prior ruling that Plaintiff's claims are barred by the statute of limitations," and Plaintiff fails to state a claim on which relief can be granted against the Deputies or the County. (ECF No. 30-1 at 2) On May 6, 2020, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 32). On June 12, 2020, Defendants filed a Reply. (ECF No. 33).

On January 15, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant the Motion to Dismiss and dismiss the FAC with prejudice and without leave to amend. (ECF No. 36). On February 24, 2021, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 40). On March 11, 2021, the Deputy Defendants filed a Reply. (ECF No. 41).

## II. THE REPORT AND RECOMMENDATION

The Report and Recommendation recommends that the Court grant the Motion to Dismiss and dismiss the FAC with prejudice and without leave to amend. (ECF No. 36). The Report and Recommendation states:

> In ruling on Defendants' prior Motion to Dismiss Plaintiff's Complaint, Judge Hayes held [that a two-year statute of limitations applies to Plaintiff's claims, and Plaintiff's January 7, 2019, Complaint is untimely, unless Plaintiff is entitled to tolling]. (ECF No. 27 at 7).
>
> . . . [T]he Court finds that no circumstances exist supporting reconsideration of this holding . . . . As the statute of limitations ran on September 7, 2017, this lawsuit is untimely unless Plaintiff is entitled to tolling.

(*Id.* at 8).

The Report and Recommendation concludes that "the tolling provision of Section 352.1 [of the California Code of Civil Procedure] only applies to claims for damages, not

claims for injunctive relief. Therefore, Plaintiff is not entitled to tolling under Section 352.1 with respect to the portion of his action that is for injunctive relief." (*Id.* at 9 n.5).

The Report and Recommendation states:

> [P]ursuant to Section 352.1, the limitations period for the portion of Plaintiff's action that is for the recovery of damages can be tolled for up to two years if the cause of action accrued while Plaintiff "was imprisoned on a criminal charge" or "in execution under the sentence of a criminal court for a term less than for life." *See Ellis v. City of San Diego*, 176 F.3d 1183, 1188-90 (9th Cir. 1999); *Beaudoin v. Schlachter*, 672 F. App'x 706, 706 (9th Cir. 2016).
>
> In ruling on Defendants' prior Motion to Dismiss Plaintiff's Complaint, Judge Hayes held that this Court must follow the decision of *Austin v. Medicis*, 21 Cal. App. 5th 577, *review denied* (June 13, 2018), in applying Section 352.1. (ECF No. 27 at 9). In *Austin*, "[t]he court of appeal held that a plaintiff is 'imprisoned on a criminal charge within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison.' [21 Cal. App. 5th] at 597" . . . . (ECF No. 27 at 8.) Relying on *Austin*, Judge Hayes held [that] "[a]t the time Plaintiff's claim accrued on September 7, 2015, Plaintiff was housed at the Vista Detention Facility . . . [and] was not 'serving a term of imprisonment in the state prison.' *Austin*, 21 Cal. App. 5th at 593 . . . Plaintiff is not entitled to statutory tolling." (ECF No. 27 at 9-10).
>
> Nothing before the Court supports reconsideration of this holding.[4] In his First Amended Complaint, Plaintiff alleges that he was convicted of auto theft in March 2015 and thereafter committed to CDCR, thus making him a "convicted prisoner" at the time of the events at issue on September 7, 2015. (FAC at 7.) However, Plaintiff also alleges that he was not in state prison at the time of the events, but rather was being held at the San Diego County Sheriff's Department's Vista Detention Facility (*See* FAC at 1; Cal. Penal Code § 5003 (listing prisons and institutions within CDCR's jurisdiction).).

(*Id.* at 10-11 (second and third alterations in original)).

---

[4] The Court notes that no intervening change in the law has occurred. On the contrary, the Ninth Circuit, in an unpublished decision issued after the Court ruled on Defendants' prior Motion to Dismiss, held that it was "obligated to follow" *Austin*. *Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 F. App'x 553, 554 (9th Cir. 2020).

The Magistrate Judge took judicial notice of several documents and facts, including Plaintiff's April 17, 2015, Notice of Change of Address, notifying the Court that his new address was the Vista Detention Facility, and Plaintiff's December 15, 2015, appeal of his state court conviction, which "supports Plaintiff's prior statement in this case, made under penalty of perjury, that as of September 7, 2015, he was not serving a term of imprisonment in a state prison, but rather had pled guilty and was awaiting sentencing." (*Id.* at 11 n.7, n.8 (citing ECF No. 16 at 2)). The Report and Recommendation concludes that "there is no dispute that Plaintiff was not serving a term of imprisonment in a state prison at the time of the events at issue in his First Amended Complaint . . . . Thus, Plaintiff is not eligible for statutory tolling under Section 352.1." (*Id.* at 11-12).

The Report and Recommendation states that "[t]he Court has already determined that 'Plaintiff was entitled to equitable tolling through the end of 2015, [while he] exhausted mandatory grievance procedures.'" (*Id.* at 12 (second alteration in original) (quoting ECF No. 27 at 10)). The Report and Recommendation concludes that "Plaintiff has not alleged any continuing violations in his First Amended Complaint, as he alleges that the events underlying each claim occurred on September 7, 2015 (FAC at 1, 4-8)." (*Id.* at 12 n.10). The Report and Recommendation states:

> The Court has already considered and rejected Plaintiff's first argument that he is entitled to additional equitable tolling beyond the end of 2015 on the basis of specific threats of retaliation from Defendant Hoodenpyle made on September 7, 2015 . . . . The Court finds Plaintiff has advanced no argument which supports reconsideration of this holding. Plaintiff left the custody of the Sheriff's Department, where Defendant Hoodenpyle was employed, in December 2015 and was not, therefore, vulnerable to any threatened retaliation by him after that. (*See* ECF Nos. 1 at 2-7; FAC at 2-7; 32 at 5.)
>
> Next, Plaintiff appears to argue that he is entitled to equitable tolling post-December 2015 because, even after he was transferred to state prison, he was "in fear of false charges being brought against him to cover up the beating by defendants." (ECF No. 32 at 4; *see also* FAC at 7.) . . . . Plaintiff fails to allege any actual and reasonable reliance on Defendants' conduct or

representations.[5] As Plaintiff alleges in his First Amended Complaint, he filed both an Internal Affairs complaint and a claim with the County of San Diego while he was housed at the Vista Detention Facility without any retaliation.
. . .
As Plaintiff does not allege any other basis for equitable tolling, the Court finds that Plaintiff's First Amended Complaint is untimely.

(*Id.* at 12-14).

The Report and Recommendation further concludes that Plaintiff's claims against the County "should be dismissed *sua sponte*, as time barred . . . ." (*Id.* at 15). The Report and Recommendation concludes that the claims against the County should alternatively be dismissed for failure to state a claim because the FAC "is entirely devoid of allegations concerning the County's alleged constitutional violations." (*Id.*). The Report and Recommendation concludes that the FAC "should be dismissed with prejudice because any amendment would be futile." (*Id.* at 16).

### III.    CONTENTIONS

Plaintiff "re alleges all that is in [his] first objections" to the Report and Recommendation on Defendants' Motion to Dismiss the original Complaint. (ECF No. 40 at 1). Plaintiff contends that he is eligible for statutory tolling under section 352.1. Plaintiff contends that when his claim accrued on September 7, 2015, he "was in county jail serving a local prison term." (*Id.*). Plaintiff contends that "county jails are local prisons pursuant to the realignment act." (*Id.*). Plaintiff contends that he "gets an additional 2 years [of tolling] for the disability of imprisonment" and, therefore, "filed on time." (*Id.*).

Defendants contend that the law of the case doctrine precludes re-litigation of Plaintiff's claim that he is entitled to statutory tolling. Defendants contend that Plaintiff fails to allege any change in circumstances that would warrant reconsideration of the

---

[5] The Court notes that Plaintiff has already represented in this case, under penalty of perjury, his reason for waiting to file this lawsuit. He stated that he "initially decided to just wait until [he] got to prison to file [a lawsuit] due to Deputy Hoodenpyle's threats, but after getting the Internal Affairs response got discouraged." (ECF No. 23 at 4.)

Court's prior holding that Plaintiff is not entitled to statutory tolling. Defendants contend that Plaintiff impermissibly raises the new argument in his Objections that he was a prisoner in the county jail under the Realignment Act. Defendants contend that "[w]hile the Realignment Act amends Penal Code section 1170 to permit certain inmates to serve sentences in County jails, it did not convert County jails into prisons or otherwise alter the interpretation of Section 352.1," as evidenced by *Austin*, which was decided seven years after the legislature passed the Rehabilitation Act. (ECF No. 41 at 4). Defendants contend that the Report and Recommendation is unchallenged and correct with respect to equitable tolling and the limitations period.

## IV. LEGAL STANDARD

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## V. DISCUSSION

Plaintiff objects to the Report and Recommendation's conclusion that the statute of limitations bars Plaintiff's claims for damages[6] and that statutory and equitable tolling do

---

[6] Plaintiff does not object to the Report and Recommendation's conclusion that the statute of limitations bars Plaintiff's claims for injunctive relief. The Court adopts in its entirety the portion of the Report and Recommendation to which no objection was filed.

not toll the statute of limitations until Plaintiff filed his Complaint. The Court has conducted a *de novo* review of the Report and Recommendation and the entire file, including Plaintiff's Objections. The Court finds that the Magistrate Judge correctly determined that a two-year statute of limitations applies to Plaintiff's claims, and Plaintiff failed to file suit within two years after his claims accrued on September 7, 2015. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (two-year statute of limitations for § 1983 claims in California); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); Cal. Civ. Proc. Code § 335.1. Plaintiff's Complaint is untimely, unless Plaintiff is entitled to tolling.

The Court further finds that the Magistrate Judge correctly determined that "nothing before the Court supports reconsideration" of the Court's prior holding that Plaintiff is not entitled to statutory tolling under section 352.1 of the California Code of Civil Procedure. (ECF No. 36 at 10). The allegations in the FAC, the judicially-noticed documents and facts, and Plaintiff's prior representations in this case support an inference that when Plaintiff's claims accrued on September 7, 2015, Plaintiff was being held at the Vista Detention Facility awaiting sentencing, not "serving a term of imprisonment in state prison." *Austin*, 21 Cal. App. 5th at 593; *see Shaw v. Sacramento Cty. Sheriff's Dep't*, 810 F. App'x 553, 554 (9th Cir. 2020) (holding that the federal court is "obligated to follow" *Austin* and stating, "Shaw has not alleged that she was serving a term of imprisonment, nor that she was detained in a state prison. So the district court was correct to hold that her one-day detention in a county jail did not entitle her to tolling under . . . section 352.1" (citing *Austin*, 21 Cal. App. 5th at 543)). Plaintiff is not entitled to statutory tolling.

The Court further finds that the Magistrate Judge correctly determined that nothing before the Court supports reconsideration of the Court's prior holding that Plaintiff is not entitled to equitable tolling that would extend beyond the end of 2015 due to the alleged threats made by Deputy Hoodenpyle. The Magistrate Judge correctly determined that Plaintiff fails to allege facts that support an inference that Plaintiff actually or reasonably relied on any Defendant's conduct or representations that dissuaded him from filing a

10

19-cv-35-WQH-JLB

lawsuit after he was transferred out of the Vista Detention Facility. Plaintiff alleges in the FAC that he filed administrative grievances for the September 7, 2015, claims while housed at the Vista Detention Facility. Plaintiff stated in his Opposition to the Motion to Dismiss the original Complaint that he delayed filing a lawsuit because he "got discouraged" after receiving the response to the Internal Affairs complaint. (ECF No. 23 at 4). The Court finds that the Magistrate Judge correctly determined that Plaintiff's Complaint is untimely after accounting for the period of equitable tolling through the end of 2015.

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 36) is adopted in full.

IT IS FURTHER ORDERED that Plaintiff's Objections to the Report and Recommendation (ECF No. 40) are overruled.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 30) is granted. The FAC is dismissed with prejudice and without leave to amend. The Clerk of the Court shall close the case.

Dated: March 15, 2021

Hon. William Q. Hayes
United States District Court